IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>SCOTT ROY MOSES,<br><br>    Defendant. | No. CR06-0015<br><br>**ORDER** |

_____

This matter comes before the court pursuant to the government's motion for detention made at the defendant's initial appearance before a judicial officer. The court held an evidentiary hearing on this motion on February 21, 2006, at which the defendant was present and represented by Russell Schroeder. The government was represented by Assistant United States Attorney Peter Deegan. The defendant is charged in a three-count Indictment with being a felon in possession of a firearm, possessing a sawed-off rifle not registered to him, and manufacturing methamphetamine. All of these offenses are to have occurred on January 10, 2006.

The defendant has a criminal history beginning in 2001 that suggests that he was introduced to methamphetamine about that time. On March 4, 2001, he was charged with possession of methamphetamine precursors. He was convicted of this offense on January 6, 2003, and given a five-year suspended sentence. While on pretrial release, the defendant was arrested for manufacturing methamphetamine in June 2001 for which he was convicted on January 6, 2003, and was arrested on July 12, 2002, for possession of methamphetamine. He was convicted of that offense in April 2003. The March 2001 offense involved a traffic stop in which the defendant was carrying methamphetamine manufacturing materials in the car with his eight-year-old son.

1

The defendant is 43 years old. He comes from a good family, has been married since 1983, and has two teenage children. He is currently unemployed but worked prior to his arrest as a groundskeeper for Wasendorf and Son.

## CONCLUSIONS OF LAW

Pursuant to Title 18, United States Code § 3142(e), the judicial officer must determine whether any condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community in deciding whether to grant the government's motion for detention. Detention can be based on a showing either of dangerousness or risk of flight, both are not required. United States v. Fortna, 769 F.2d 243 (5th Cir. 1985). The standard is "reasonable assurance"; the court cannot order the detention because there are no conditions which would guarantee appearance and safety. United States v. Orta, 760 F.2d 887 (8th Cir. 1985). The grounds relied upon by a judicial officer to support a finding that no condition or combination of conditions will reasonably assure the safety of any other person or the community must be supported by clear and convincing evidence. However, the burden of proof on the issue of risk of flight is by a preponderance of the evidence. United States v. Orta, supra.

The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning -- (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including -- (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or

completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. 18 U.S.C. § 3142(e). This rebuttable presumption arises only if the defendant is charged in at least one count subject to these penalties. United States v. Chimurenga, 760 F.2d 400 (2d Cir. 1985).

The rebuttable presumption of § 3142(e) creates a burden of production upon the defendant, not a burden of persuasion. The purpose of the rebuttable presumption is to shift the burden to the defendant to establish a basis for concluding that there are conditions of release sufficient to reasonably assure that the defendant will not engage in dangerous criminal activity pending trial. United States v. Jessup, 757 F.2d 378, 381 (1st Cir. 1985). Although most rebuttable presumptions found in the law disappear when any evidence is presented by the opponent of the presumption, the rebuttable presumption of § 3142(e) is not such a "bursting bubble." United States v. Jessup, supra, at 383. Thus, in order to rebut the presumption, the defendant must produce some evidence; and the Magistrate Judge should still keep in mind the fact that Congress has found that certain drug offenders, as a general rule, pose special risks of flight. United States v. Jessup, supra, at 384. Although this court is unable to find any case from the Eighth Circuit Court of Appeals similarly construing the rebuttable presumption of § 3142(e), other circuits have adopted the rationale of Jessup. United States v. Martir, 782 F.2d 1141, 1144 (2d Cir. 1986); United States v. Diaz, 777 F.2d 1236, 1237 (7th Cir. 1985); United States v. Fortna, 769 F.2d 243, 251 (5th Cir. 1985); United States v. Hurtado, 779 F.2d 1467, 1470 (11th Cir. 1985); United States v. Alatisha, 768 F.2d 364, 371 (D.C. Cir. 1985).

3

In this case, the defendant has been on a five-year affair with methamphetamine. He was arrested in March 2001 as he prepared to make methamphetamine. While on release, he was arrested and ultimately convicted for two other drug offenses. His employment, his family, and his ties to the community have not been enough to break this cycle.

The court has examined the factors found in 18 U.S.C. § 3142(g) and weighed the evidence according to the standards noted above. Pursuant to the evidence and the rebuttable presumption of § 3142(e), the court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community upon the defendant's release. The defendant was advised in open court of his right to a prompt resolution of any appeal of this order.

Upon the foregoing,

IT IS ORDERED

1. That the defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford the defendant reasonable opportunity for private consultation with counsel while detained.

March 1, 2006.

JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT